UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

**ROBERT TODD GRIFFIN**  **CIVIL ACTION NO. 3:12-cv-3163**
**LA. DOC #228558**

VS.  **SECTION P**

  **JUDGE JAMES T. TRIMBLE, JR.**

**WARDEN TIMOTHY KEITH**  **MAG. JUDGE KAREN L. HAYES**

**MEMORANDUM ORDER**

Before the Court is Petitioner's Motion "For An Order To Furnish Exhibits And/Or Index Describing Such." [doc. # 18]. For the reasons stated below, Petitioner's Motion is **GRANTED**.[1]

On June 12, 2013, this Court ordered Respondent to file: (1) "A certified copy of the state court record, including transcripts of all proceedings held in the state courts"; (2) "A certified copy of all documents, including all briefs or memoranda of any party, filed in connection with any appeal, application for post-conviction relief, or writ application presented to any and all state, district courts, appellate courts or the Louisiana Supreme Court"; and (3) "Certified copies of, or citations to, all state court dispositions, including the Louisiana Supreme Court decision pertaining to the conviction under attack." [doc. # 7, p. 5-6]. Additionally, in the same Order, the Court ordered "that, as a condition to their acceptance by the Clerk, all future filings by petitioner or respondent shall include a certificate indicating that a copy thereof has been

---

[1] As this is not one of the motions excepted in 28 U.S.C. § 636(b)(1)(A), nor dispositive of any claim on the merits within the meaning of Rule 72 of the Federal Rules of Civil Procedure, this ruling is issued under the authority thereof, and in accordance with the standing order of this Court. Any appeal must be made to the district judge in accordance with Rule 72(a) and L.R. 74.1(W).

furnished to the other parties." *Id.* at 6.  Respondent complied with the Court's order to file the state court record.  [*See* doc. # 12].  However, Respondent failed to certify that it provided a copy of the state court record to Petitioner.

The Rules Governing Section 2254 cases (the "*Habeas* Rules"), in combination with the Federal Rules of Civil Procedure, provide the applicable procedural law in Section 2254 proceedings.  *Habeas* Rule 5(c) states that "[t]he respondent must attach to the answer parts of the transcript that the respondent considers relevant" and the "judge may order that the respondent furnish other parts of existing transcripts or that parts of untranscribed recordings be transcribed and furnished."  RULES GOV. SEC. 2254 CASES, R. 5(c).

The Fifth Circuit, in *Sixta v. Thaler*, held that the *habeas* rules and Federal Rules of Civil Procedure, when considered together, require a respondent in a *habeas* proceeding to serve both the answer and any exhibits on the petitioner.  *Sixta v. Thaler*, 615 F.3d 569, 572 (5th Cir. 2010).  The court reasoned:

> When the respondent does, in fact, attach exhibits to the answer, there can be little dispute that those exhibits must be served together with the answer itself on the habeas petitioner. Civil Rule 5(a) provides that "a pleading filed after the original complaint" "must be served on every party." In turn, Civil Rule 7 lists "an answer to a complaint" as a "pleading" and Civil Rule 10(c) provides that "[a] copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes." Considered together, the rules plainly require that the respondent serve both the answer and any exhibits attached thereto on the habeas petitioner.

*Id.*

Accordingly, Petitioner's Motion "For An Order To Furnish Exhibits And/Or Index Describing Such" [doc. # 18] is **GRANTED** and **IT IS HEREBY ORDERED** that Respondent, **within fourteen (14) days (i.e. on November 12)** of the date of this Order, provide Petitioner

with a copy of all the documents located in Document # 12 in the Docket.

**IT IS FURTHER ORDERED** that, subsequent to furnishing Petitioner with the documents located in Document # 12, Respondent shall file a certificate with the Court indicating that the documents have been furnished to Petitioner.

THUS DONE AND SIGNED at Monroe, Louisiana, this 30th day of October, 2013.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE